**BUCKLEY v. VERHONIC et al.**
No. 3193.

Second Division.
July 10, 1933.

Charles E. Taylor, of Fairbanks, for plaintiff.
Harry Pratt, of Fairbanks, for defendants.

GORE, District Judge.

The files and records of the above-entitled cause were transferred to the District Court for the Second Division, Territory of Alaska, for the purpose of settling the pleadings and continuing thereafter until the cause was finally concluded.

From the records and files, it appears that the plaintiff alleged that he was the owner in fee in possession and entitled to possession of certain interests in placer mining claims on Long creek in the Nulato recording district of the Fourth division of Alaska, subject only to the paramount title of the United States.

The defendant Verhonic appeared and demurred to the complaint, which demurrer was overruled. The defendant Cody did not appear, and his default was duly entered. Thereupon the defendant Verhonic filed his answer, in which there appeared a first affirmative defense to the matters set forth in the second cause of action in plaintiff's complaint, alleging: "1. That at the time of the commencement of this action the plaintiff was not in the possession of either of the placer mining claims described in said cause of action and this Court is, therefore, without jurisdiction, as a court of equity, to adjudicate the controversy."

There was also a second affirmative defense to plaintiff's second cause of action, alleging: "1. That neither the plaintiff nor his predecessors in interest now are or have been possessed of the placer mining claims described in

the complaint herein or either of them within ten years next preceding the commencement of this suit."

A third and fourth affirmative defense to plaintiff's second cause of action were included in the original answer, to all of which affirmative defenses the plaintiff demurred. On December 4, 1931, the demurrer was sustained as to the first, second, and third affirmative defenses. Thereupon the defendant Verhonic filed an amended answer to the plaintiff's complaint, in which, as a first affirmative defense to plaintiff's second cause of action, he alleges: "1. That neither the plaintiff, nor his predecessors in interest, nor his ancestor, nor his grantor, now are or have been possessed or seized of the placer mining claims described in said Complaint, or either of them, within ten (10) years next preceding the commencement of this suit."

The amended answer also contains second, third, and fourth affirmative defenses to plaintiff's second and further cause of action.

Plaintiff moves to strike from the amended answer the first and second affirmative defenses contained in the amended answer for the reason that the first affirmative defense contained in the amended answer is identical with the second affirmative defense to plaintiff's second cause of action in the original answer and that the second affirmative defense to plaintiff's second cause of action contained in the amended answer is identical with the third affirmative defense contained in the original answer of defendant, and therefore they are mere repetitions of the first three affirmative defenses in the original answer, demurrers to which have been sustained.

A comparison made between the second affirmative defense to plaintiff's second cause of action in the original answer and the first affirmative defense to plaintiff's second cause of action in the amended answer shows that the wording in each is practically the same.

The first affirmative defense of plaintiff's second cause of action in the amended answer adds the following words:

"Nor his ancestor," "nor his grantor," and "or seized." From the files and the records, it appears that the property described in the complaint and the answer is unpatented placer mining claims. The additional words contained in the first affirmative defense to the plaintiff's second cause of action in the amended answer add nothing to the second affirmative defense to plaintiff's second cause of action as set forth in the original answer. The intent and purport of the two paragraphs are the same, and the second affirmative defense of plaintiff's second cause of action and the demurrer to the second affirmative defense to plaintiff's second cause of action in the original answer having been sustained, the motion to strike the first affirmative defense to plaintiff's second cause of action as set forth in the amended answer is hereby granted.

An inspection of the second affirmative defense to plaintiff's second cause of action as contained in the amended answer shows paragraphs 1, 2, 3, 4, 5, 6, 7, 8, and 9 are the same as contained in like numbered paragraphs of defendant's third affirmative defense to plaintiff's second cause of action in the original answer. In the amended answer, paragraphs 10 and 11 of the third affirmative defense to plaintiff's second cause of action in the original answer are omitted. Paragraph 10 of the second affirmative defense of plaintiff's second cause of action in the amended answer is similar to paragraph 12 of defendant's third affirmative defense to plaintiff's second cause of action as contained in the original answer, except that said paragraph 10 adds the following: "And is not within the Territory of Alaska, and cannot be found therein, and does not maintain any residence within the Territory of Alaska, and has no property within the Territory of Alaska." Those words add nothing to the affirmative defense. Paragraphs 11 and 12 of the second affirmative defense to plaintiff's second cause of action as contained in the amended answer allege in effect that Tim Buckley and Dave Ward and the beneficiaries in the trust agreement of November 12, 1917, are necessary and indispensable parties to the action. In the

original answer at paragraph 13 of the defendant's third affirmative defense to plaintiff's second cause of action the same allegations were made. The plaintiff's demurrer to the third affirmative defense to plaintiff's second cause of action having been sustained, and the second affirmative defense to plaintiff's second cause of action as contained in the amended answer being similar to all intents and purposes to the said third affirmative defense, the motion to strike the second affirmative defense to plaintiff's second cause of action contained in the amended answer is hereby granted.

The defendant is allowed twenty days in which to further plead.